UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE:                                          CASE NO.  09-34791-BKC-RBR

ROTHSTEIN ROSENFELDT                            CHAPTER 11
ADLER, P.A.,

               Debtor.
_____/

TD BANK, N.A.,                                  ADV. NO.   09-02464-BKC-RBR-A

               Plaintiff,

v.

HERBERT STETTIN, as Chapter 11
Trustee, et al.,

               Defendants.
_____/

### UNITED STATES OF AMERICA'S MOTION TO DISMISS

Defendant, the United States of America ("the United States"), by and through its undersigned attorney, Jeffrey H. Sloman, United States Attorney, pursuant to Federal Rule of Civil Procedure 12(b)(6) as made applicable herein by Federal Rule of Bankruptcy Procedure 7012, moves to dismiss the Plaintiff's Amended Complaint For Interpleader And Declaratory Relief (D.E. 23) (hereinafter "the Amended Complaint") in the above-captioned matter.   In support thereof, the United States submits the following Memorandum of Law.

<u>**MEMORANDUM OF LAW**</u>

**I.**   <u>**INTRODUCTION.**</u>

On November 25, 2009, Plaintiff, T.D. Bank, N.A. (hereinafter "the Plaintiff" or "the Bank")

commenced an adversary proceeding against the United States, Herbert Stettin, the appointed

Chapter 11 Trustee (hereinafter "the Chapter 11 Trustee") and other defendants. *See* D.E. 1. In its

Complaint, the Plaintiff seeks *inter alia* declaratory relief and permission from this Court to

interplead the funds contained in various bank accounts maintained in the name of the Debtor,

Rothstein Rosenfeldt Adler, P.A. ("the Debtor" or "RRA"), the Debtor's former Chief Financial

Officer and Chairman, Scott W. Rothstein ("Rothstein") and/or Kimberly Ann Rothstein, his wife

and other business entities believed to be affiliates of Rothstein.  On December 22, 2009, the

Plaintiff filed an Amended Complaint to add an additional party Defendant, Edward J. Morse. *See*

D.E. 23. The Bank alleges that it has received conflicting claims to the bank accounts from various

parties including the United States. The Plaintiff seeks to deposit the funds in the Registry of this

Court and obtain a release of any liability related to the subject bank accounts in this action. *See*

D.E. 23.

The United States District Court has sole and exclusive jurisdiction over the bank accounts

which are specifically named for forfeiture in the pending criminal proceedings. In addition, the

remaining bank accounts, containing less than $10,000.00 each, are subject to forfeiture to satisfy

the $1.2 billion in U.S. currency sought for forfeiture, in accordance with the Protective Order

entered in the pending criminal proceedings filed against Rothstein.  The federal forfeiture statutes

specifically prohibit the filing of the instant action to adjudicate interests or claims to property that

is subject to forfeiture.

2

Accordingly, the Plaintiff's interpleader action should be dismissed.

## II.    PROCEDURAL AND FACTUAL BACKGROUND.

1.    On November 9, 2009, the United States filed a Verified Complaint For Forfeiture *In Rem* in the United States District Court for the Southern District of Florida in <u>United States v. Various Real Properties etc.</u>, Case No. 09-61780-CIV-ZLOCH (hereinafter "the Civil Forfeiture Case").

2.    In the civil forfeiture action, the United States seeks the forfeiture of certain assets, including real properties, luxury vehicles, boats, jewelry, memorabilia, and various bank accounts, and other assets, as proceeds traceable to violations of criminal federal statutes: 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1957 (engaging in monetary transactions) and 18 U.S.C. § 1956 (money laundering).[1]

3.    On November 10, 2009, an involuntary petition was filed against the Debtor in the United States Bankruptcy Court for the Southern District of Florida in Case No. 09-34791-BKC-RBR (hereinafter "the Bankruptcy Case"). *See* Bankruptcy Case D.E. 1.   On November 20, 2009, Herbert Stettin was appointed the Chapter 11 Trustee by the United States Trustee. *See* Bankruptcy Case, D.E. 35.

4.    On November 11, 2009 and November 12, 2009, United States Magistrate Judge Lurana D. Snow issued two separate Warrants to Seize Personal Property Subject to Civil Forfeiture (hereinafter "the Seizure Warrants"). *See* D.E. 23, Exhibits 2 and 3.  The Seizure Warrants directed the seizure of 37 separate bank accounts (hereinafter "the subject bank accounts") held by the

---

[1]Many of these assets have now been voluntarily dismissed from the Civil Forfeiture Case. *See* Civil Forfeiture Case, D.E. 27.

3

Plaintiff in the names of RRA; entities believed to be related to RRA; entities believed to be related

to Rothstein, Rothstein and K. Rothstein, jointly, or Rothstein, individually.

5.    In response to the Seizure Warrants, most of the subject bank accounts were closed on

November 13, 2009, except for four small accounts containing approximately $100.00 balances. *See*

Trustee's Monthly Financial Report for the Period from November 10, 2009 to November 30, 2009

(Bankruptcy Case, D.E. 167, at pages 22-41; 54-93; and 96-97).[2]

6.    On November 16, 2009, Rothstein consented to the forfeiture of his right, title and

interest in the named defendant properties and agreed to transfer to the United States all of his right,

title and interest in the named defendant properties in the Civil Forfeiture Case. *See* Civil Forfeiture

Case, Stipulation and Settlement Agreement (D.E. 20).

7.    On November 30, 2009, this Court entered an Order for Relief against the Debtor in the

Bankruptcy Case. *See* D.E. 66, Bankruptcy Case.

8.    On December 1, 2009, Rothstein was arrested and charged by way of Information with

a RICO conspiracy in violation of 18 U.S.C. § 1962(d), with a money laundering conspiracy in

violation of 18 U.S.C. § 1956(h), with a mail and wire fraud conspiracy in violation of 18 U.S.C.

§ 1349 and with substantive wire fraud in violation of 18 U.S.C. § 1343 in United States v. Scott

W. Rothstein, Case No. 09-60331-CR-COHN (S.D. Fla.) (hereinafter "the Criminal Case"). [3]

---

[2] Upon information and belief, the funds contained in the subject bank accounts were later
placed in a "suspense account" maintained at the Plaintiff. *See* Bankruptcy Case, D.E. 167, page 3
entry under "Other Disbursements: "Money Ceased [sic] by Federal Government - $963,000.80".

[3] The Information alleged that Rothstein and his co-conspirators conducted a massive Ponzi
scheme that generated over $1.2 billion in fraudulent proceeds.

9.   In the Criminal Case, Rothstein waived his right to prosecution by Indictment and consented to prosecution by Information. *See* Waiver of an Indictment (Criminal Case, D.E. 4).

10.   The United States seeks the forfeiture of certain assets[4] identified in the Information, including bank accounts, real property, vehicles, and jewelry, as proceeds traceable to violations of the offenses charged in the Criminal Case.

11.   In accordance with 18 U.S.C. § 1963 and 21 U.S.C. § 853(e)(1)(A), United States District Court Judge James I. Cohn entered a Protective Order on December 7, 2009 restraining all the property named for forfeiture in the Criminal Case, including seven bank accounts maintained at the Plaintiff.[5] A copy of the Protective Order is attached hereto and made a part hereof as Exhibit A.

12.   On December 15, 2009, the Bankruptcy Trustee filed a Motion to Modify Protective Order and to Authorize the United States Marshals Service to Turnover 8 RRA Bank Accounts in the Criminal Case. [6] The Trustee's motion was denied by United States District Court Judge James

---

[4]   If forfeiture is ordered as part of the sentence in the Criminal Case, the United States does not intend to place any forfeited funds into the General Treasury, but rather to distribute these funds back to the victims of Rothstein's Ponzi scheme which generated these funds.

[5]   The seven largest accounts maintained at the Plaintiff are specifically named for forfeiture in the Criminal Case  and are identified as Bank Accounts (BA9) through (BA15) in the Protective Order. *See* Exhibit A, page 8. By Order entered December 8, 2009, the Protective Order was corrected to reflect that the amount of currency sought for forfeiture is $1,200,000,000. *See* Criminal Case, D.E. 16.

[6]   In his motion, the Trustee sought turnover of four bank accounts maintained at the Bank, identified as BA9, BA10, BA 11 and BA 15 in the Information and Protective Order and four bank accounts maintained at Gibraltar Bank, identified as BA2, BA 3, BA 4 and BA5 in the Information and Protective Order. *See* Criminal Case, D.E. 17.

I. Cohn on January 4, 2010. A copy of the Order is attached hereto and made a part hereof as Exhibit

B.

      13.   United States District Court Judge James I. Cohn has set a change of plea hearing for

Rothstein for January 27, 2010 at 9:30 a.m. in the Criminal Case. *See* Criminal Case D.E. 27.

      14.  In addition, another four accounts maintained at the Plaintiff, all exceeding $10,000.00,

are further identified for forfeiture through a First Bill of Particulars as to Forfeiture filed in the

Criminal Case on January 10, 2010. A copy of the First Bill of Particulars as to Forfeiture is attached

hereto and made a part hereof as Exhibit C.[7]

      15.  In this interpleader action, the Bank seeks to deposit the funds contained in the subject

bank accounts into the Registry of this Court which are subject to forfeiture in the pending Criminal

Case.[8]

## II.    ARGUMENT AND AUTHORITIES.

### A.    This Interpleader Action Is Barred By Criminal Forfeiture Statute.

    A party seeking to assert an interest in assets subject to forfeiture can neither intervene in the

criminal proceedings nor commence a separate action. 21 U.S.C. § 853(k). The Plaintiff is therefore

barred from bringing the instant interpleader action against the United States, as mandated by

Congress pursuant to 21 U.S.C. § 853(k).   The sole remedy in which a party may assert its alleged

---

[7] These four accounts are identified as Bank Accounts (BA16) through (BA19) in the Bill of Particulars. *See* Exhibit B.

[8] In the Amended Complaint, the Bank alleges that it received written demands for the release of monies held in the largest of the accounts maintained at the Bank, Account No. 6860420923 (identified as BA11 in the Protective Order in the Criminal Case) from Defendants, Rubin Vine and Sharon Vine; Todd D. Snyder and Edward J. Morse. See D.E. 23, ¶ 30, ¶ 32, and ¶ 34.

interest in property subject to forfeiture is to file a claim in the ancillary proceedings in the manner

provided under 21 U.S.C. § 853(n).[9]

Section 853 prohibits any party claiming an interest in property subject to forfeiture from

intervening in the criminal proceedings or commencing an action at law or equity against the United

States concerning the validity of this alleged interest in the property subsequent to the filing of an

indictment or information alleging that the property is subject to forfeiture under this section. 21

U.S.C. § 853(k). See United States v. Gilbert, 244 F.3d 888 (11th Cir. 2001); United States v.

Kennedy, 201 F.3d 1324 (11th Cir. 2000).

Section 853(k) bars all actions against the United States concerning the validity of the alleged

interest in property subject to forfeiture, including the instant action. Section 853(k) " imposes an

absolute bar on **all** suits claiming an interest in forfeitable property unless the action is brought

within the confines of an ancillary proceeding." In re The American Basketball League, Inc., 317

B.R. 121, 129 (Bankr. N.D. Cal. 2004)(emphasis in original).

In Osborne v. United States (In re Global Vending, Inc.), Adv. No. 04-2368-BKC-PGH-A,

2005 WL 2451763 (Bankr. S.D. Fla.) (J. Hyman) the Court dismissed the Chapter 7 Trustee's action

against the United States seeking turnover of assets which were subject to criminal forfeiture finding

that "[t]he sole remedy in which a third party as the Bankruptcy Trustee may assert its alleged

---

[9] 21 U.S.C. Section 853(n) provides for the adjudication of third party interests in the criminal action, also known as ancillary proceedings. See In re The American Basketball League, Inc., 317 B.R. at 126 ("The ancillary proceedings offer due process protections to innocent third parties that may have an interest in the forfeitable property by providing a forum to adjudicate the validity of their interest."). *See also* U.S. v. Holy Land Foundation for Relief, 493 F.3d 469, 477 (5th Cir. 2007)(*en banc*)( "The criminal forfeiture statute is designed to balance the Government's interest in efficient and orderly prosecution with the rights of defendants and third parties who claim an interest in forfeitable property.").

interest in property subject to forfeiture is to file a claim in the ancillary proceedings in the manner provided under 21 U.S.C. § 853(n)." *See also*, In re Jose I. Macia, Case No. 97-16383-BKC-AJC (Bankr. S.D. Fla. 1998)(J. Cristol)(Court held that "the [Chapter 7] Trustee was not entitled to the requested turnover of seized assets as it would result in interference with the lawful orders of the [district court judge] in the pending criminal proceedings in contravention of the clear statutory language found at 21 U.S.C. § 853(k))." See Order Denying Trustee's Application for Turnover of Assets Seized By the United States, D.E. 178, page 10. (Copy available upon request).

Courts have held that interpleader actions are similarly barred by the criminal forfeiture statute, 21 U.S.C. § 853(k). *See* Johnson v. United States, 2001 WL 1064505 (N.D. Ill.); *see also* BCCl Holdings (Luxenbourg), S.A., 1992 WL 44321 (D.D.C.).

Since the plain language of 21 U.S.C. § 853(k) bars the Plaintiff from bringing the instant action against the United States, the Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

8

## III.   CONCLUSION.

For the foregoing reasons, the United States of America respectfully requests that the

Court dismiss the Amended Complaint (D.E. 23) for failure to state a claim which relief can be

granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and that the Court grant such other and

further relief as the Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the State of Florida and that I am

exempted from additional qualifications to practice in this Court pursuant to Local Rule

2090-1(B)(2)(b) pertaining to attorneys representing the United States government.

Respectfully submitted,

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY


By:    *s/ Grisel Alonso*
GRISEL ALONSO
Assistant United States Attorney
Fla. Bar No. 702994
99 NE 4th St., Suite 300
Miami, FL 33132
Tel. No.  (305) 961-9310
Fax  No.  (305) 530-7139
e-mail: grisel.alonso@usdoj.gov

COUNSEL FOR UNITED STATES

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been served electronically via the Court's CM/ECF system upon the parties who are currently on the list to receive notice/service for this case.

*s/ Grisel Alonso*
GRISEL ALONSO
Assistant United States Attorney